1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11   BARTELL HOTELS, a California              Case No.:  23-CV-482-BTM(WVG)
     Limited Partnership, dba HALF MOON
12   MARINA,                                   **ORDER FOLLOWING ORDER TO
                                               SHOW CAUSE HEARING;
13                          Plaintiff,         SETTING FINAL DEADLINE FOR
                                               ERIC DUTRA TO EXECUTE TITLE
14   v.                                        TO DEFENDANT VESSEL**

15   S/V SCOTCH MISS, That Certain 1969
     Coronado Sailing Vessel of
16   Approximately 24-Feet in Length,
     California CF No. CF 4165 DF, and all
17   of her engines, tackle, accessories,
     equipment, furnishings and
18   appurtenances, in rem,

19

20                          Defendant.

21

22

23        Pending before the Court is an Order to Show Cause issued on June 14, 2023.

24   ("OSC", Doc. No. 35.)  The OSC required Eric Dutra, owner of S/V Scotch Miss, that

25   Certain 1969 Coronado Sailing Vessel of approximately 24-Feet in Length, California CF

26   No. CF 4165 DF, and all of her engines, tackle, accessories, equipment, furnishings and

27   appurtenances ("Defendant Vessel"), to address the allegations claimed in Plaintiff Bartell

28   Hotels, LLP's ("Plaintiff") "Notice of Violation of Court Orders and 24 Unsuccessful

1

1   Attempts to Communicate with Mr. Dutra", filed on June 13, 2023 (Doc. No. 34).  The

2   Court's OSC also required Plaintiff's counsel and Mr. Dutra to appear for an in-person

3   hearing on July 3, 2023.  *Id.*

4          On July 3, 2023, the Court convened the Order to Show Cause hearing.  (Doc. No.

5   36.)  Gerald L. Gorman appeared on behalf of Plaintiff.  *Id.*  Mr. Dutra failed to appear.  *Id.*

6   As this was Mr. Dutra's second failure to appear at a court hearing and the latest in a string

7   of failures to abide with this Court's orders, the Court issues this instant order.

8   **I.     Mr. Dutra's History of Misconduct and Failure to Abide with The**

9          **Court's Orders**

10          **a. Procedural History and Settlement at Early Neutral Evaluation**

11               **Conference**

12          On March 16, 2023, Plaintiff filed a Complaint and an ex parte Application for An

13   Order Authorizing a Warrant of Arrest In Rem for the Defendant Vessel ("Application for

14   Warrant Arrest").  (Doc. No. 1, 3.)  On March 29, 2023, Honorable Barry Ted Moskowitz

15   granted Plaintiff's Application for Warrant Arrest, ordered the immediate issuance of a

16   warrant for the arrest of the Defendant Vessel, and issued a Warrant for Arrest In Action

17   In Rem of Defendant Vessel ("Arrest Warrant") ordering the United States Marshals for

18   the Southern District of California ("U.S. Marshals") to obtain custody of the Defendant

19   Vessel.  (Doc. No. 7, 8.)

20          On April 17, 2023, Judge Moskowitz held a status hearing and subsequently

21   referred the case to Magistrate Judge William V. Gallo for an accelerated Early Neutral

22   Evaluation Conference ("ENE").  (Doc. No. 13.)

23          On April 25, 2023, Judge Gallo convened an ENE.  (Doc. No. 15.)  Philip E. Weiss

24   and Brad Oliver, representative for Bartell Hotels, LLP, appeared on behalf of Plaintiff.

25   (Doc. No. 16.)  Eric Dutra appeared on behalf of the Defendant Vessel. *Id.*  The Parties

26   resolved this matter in its entirety and the agreement was memorialized on the record.  In

27   relevant part, the material settlement terms included (1) payment totaling the amount of

28   $5,000.00 from Mr. Dutra to Plaintiff, payable in monthly installments in the amount of

$300.00, and (2) Mr. Dutra was to tender to Plaintiff the title to the Defendant Vessel (known as the "Pink Slip") before the Defendant Vessel departed the Marina. *See* Doc. No. 23 at 2.

Following the ENE, on April 25, 2023, Judge Gallo issued an order requiring Plaintiff to provide a draft settlement agreement to Mr. Dutra memorializing the terms of the settlement, and a consent to magistrate judge jurisdiction form ("consent form"). (Doc. No. 16.) Mr. Dutra was required to timely review the settlement agreement and consent form, and in the event that a dispute arose regarding the terms of the settlement agreement, the Parties were to meet and confer and promptly notify the Court of any dispute that they were not able to resolve themselves. *Id.* The Parties were required to execute the settlement agreement and consent form before the end of the day on April 25, 2023. *Id.* Upon execution of the settlement agreement and consent form, Plaintiff would file the executed consent to magistrate judge jurisdiction form and a motion to vacate the Arrest Warrant.

On April 25, 2023, subsequent to Judge Gallo's order following the ENE, Plaintiff filed a Joint Motion to Dismiss and Motion to Vacate the Warrant for Arrest in Action In Rem of Defendant Vessel ("Motion to Vacate Arrest Warrant"). (Doc. No. 18, 19.) In pertinent part, the Motion to Vacate Arrest Warrant sought an order from the Court directing the U.S. Marshals to release the Defendant Vessel. (Doc. No. 19.)

That same day, Judge Gallo granted Plaintiff's Motion to Vacate Arrest Warrant and directed the U.S. Marshals to forthwith release the Defendant Vessel from their custody. (Doc. No. 20.)

On April 26, 2023, the Court entered an Order of Final Judgment of Dismissal, closing this matter but retained jurisdiction to enforce the settlement. (Doc. No. 21.)

On April 27, 2023, the Court entered the Notice, Consent, and Reference to Exercise of Settlement Jurisdiction by A United States Magistrate Judge, conferring jurisdiction over the settlement terms to Judge Gallo. (Doc. No. 22.)

///

### b. **Mr. Dutra's Initial Breach of a Material Settlement Term**

On May 7, 2023, Plaintiff filed a Notice of Breach of Settlement Agreement and Court Order ("Notice of Breach of Settlement") indicating "the owner of the Defendant Vessel, Eric Dutra, is in breach of his obligations mandated by the parties'[] Settlement Agreement, which was memorialized on the record during the Early Neutral Evaluation Conference that was held on April 25, 2023." (Doc. No. 23 at 1.)  The Notice of Breach of Settlement stated that on April 26, 2023, after Mr. Dutra signed the settlement agreement, Mr. Dutra informed Plaintiff's counsel that notwithstanding his representations at the April 25, 2023 ENE, Mr. Dutra was not in possession of the Pink Slip and could not find it.  *Id.* at 2.  The Notice of Breach also alleged that on May 2, 2023, Mr. Dutra improperly removed the Defendant Vessel from Plaintiff's marina despite his failure to provide Plaintiff with a copy of the Defendant Vessel's title. *Id.* at 5-6.

On May 8, 2023, the Court convened a Joint Telephonic Status Conference to discuss Plaintiff's Notice of Breach of Settlement and the status of the Pink Slip for the Defendant Vessel.  ("May 8, 2023 Conference", Doc. No. 24.)  Philip E. Weiss appeared on behalf of Plaintiff.  Eric Dutra appeared on behalf of the Defendant Vessel.

During the May 8, 2023 Conference, Plaintiff's counsel represented that Mr. Dutra had improperly removed the Defendant Vessel from the marina and Plaintiff still did not possess the title to the Defendant Vessel.  *See* Doc. No. 25.  Plaintiff's counsel also represented that Mr. Dutra had provided DMV form 227 in lieu of the Pink Slip required by the Parties' settlement agreement, however the vessel registration number provided on DMV form 227 was incorrect.  *Id.*  Due to Defendant's alleged breach of settlement agreement, Plaintiff sought an order from the Court requiring Defendant to immediately make full payment of the agreed upon settlement amount of $5000.00 as well wharfage fees incurred at a rate of $72.00 per day, due to Defendant's failure to provide the Pink Slip before removing the vessel.  *Id.*

In turn, Mr. Dutra confirmed he did remove the Defendant Vessel from Plaintiff's marina.  He also represented that he had already provided Plaintiff's counsel with the

proper form to initiate a transfer of title for the Defendant Vessel, DMV form 227, and would not be paying any wharfage fees sought by Plaintiff. *See* Doc. No. 25.  Mr. Dutra further represented he would be willing to re-submit DMV form 227 if the vessel registration number was wrong but would not be doing anything else.  *See* Doc. No. 25. Additionally, even though the conference had not yet concluded, Mr. Dutra purposefully hung up during the conference and did not return to the conference.

Immediately after the May 8, 2023 Conference, the Court issued an order scheduling an in-person Settlement Dispute Hearing.  (Doc. No. 25.)  Included in that order, the Court provided Mr. Dutra with an opportunity to file a response to Plaintiff's Notice of Breach of Settlement and provide any documentation for the Court's consideration of whether Mr. Dutra had breached the terms of the settlement agreement as Plaintiff alleged.  *Id.*  The in-person Settlement Dispute Hearing was set for Monday, May 22, 2023.  *Id.*

### c. **Mr. Dutra's Continued Breach and Disregard for the Court's Orders**

#### i.  May 22, 2023 Settlement Dispute Hearing and Order

On May 22, 2023, two hours before the Settlement Dispute Hearing, Mr. Dutra sent an email to Judge Gallo's chambers seeking a continuance of the hearing due to having to care for his ill mother and stepfather.  *See* Doc. No. 28.  Upon a response from the Court that Mr. Dutra was expected to appear at the hearing due to his prior knowledge of the hearing date, Mr. Dutra responded "this is an emergency that[sic] has occurred over the weekend".  *Id.*

The Court subsequently convened the Settlement Dispute Hearing to address the Notice of Breach of Settlement.  (Doc. No. 28.)  Gerald L. Gorman ("Mr. Gorman") appeared on behalf of Plaintiff.  *Id.*  Despite knowledge of the hearing date and the Court's expectation of his appearance, Mr. Dutra failed to appear.  *Id.*  During the Settlement Dispute Hearing, Mr. Gorman represented that Mr. Dutra still had not provided Plaintiff with a copy of the Defendant Vessel's Pink Slip or the proper DMV form to transfer title.

Following the Settlement Dispute Hearing, on May 22, 2023, the Court issued an order requiring Plaintiff and Mr. Dutra to meet in person, at a time and place mutually

1    convenient to the Parties, but no later than 5:00 p.m. on May 30, 2023 to execute the proper

2    DMV forms required to transfer title of the Defendant Vessel.  ("May 22, 2023 Order",

3    Doc. No. 28.)

4                    ii.   June 5, 2023 Order

5           On June 2, 2023, Plaintiff filed a Status Report Re Compliance with Court's Order

6    of May 22, 2023 and Settlement Agreement. ("Status Report", Doc. No. 29.)  The Status

7    Report advised the Court that on June 1, 2023 Plaintiff's counsel received from Mr. Dutra

8    an original Duplicate California Certificate of Ownership ("Duplicate Vessel Title) for the

9    Defendant Vessel.  *Id.* at 2.  The Status Report stated Mr. Dutra failed to sign the Duplicate

10   Vessel Title, thus the document was still not properly executed.  *Id.*  Plaintiff sought an

11   order instructing "Eric Dutra to arrange in advance within a reasonable time to appear at

12   the offices of plaintiff's counsel and affix his original signature to the Duplicate Certificate

13   of Ownership of the vessel".  *Id.* at 2.

14          On June 5, 2023, the Court denied Plaintiff's request and instead ordered Plaintiff's

15   counsel and Mr. Dutra to mutually engage with one another to arrange a time and place,

16   mutually convenient to both Parties, for Mr. Dutra to sign the Duplicate Vessel Title. (Doc.

17   No. 31.) The Court set a deadline of June 12, 2023.  *Id.*  In the event Mr. Dutra failed to

18   abide by the Court's order, Plaintiff was to notify the Court within two business days of

19   Mr. Dutra's failure to comply.  *Id.*

20          On June 13, 2023, Plaintiff filed a Notice of Violation of Court Orders of May 22,

21   2023 and June 5, 2023 and Status of 24 Unsuccessful Attempts to Communicate with Eric

22   Dutra.  ("June 13, 2023 Notice", Doc. No. 34.)  The June 13, 2023 Notice detailed the

23   twenty-four attempts Mr. Gorman made via phone and email to contact Mr. Dutra between

24   June 6, 2023 and June 12, 2023.  *Id.*  The June 13, 2023 Notice also stated "Mr. Dutra

25   failed to make the $300.00 payment due June 1, 2023 pursuant to the Settlement

26   Agreement."  *Id.* at 2, ¶5.  The June 13, 2023 Notice indicated that on June 6, 2023,

27   pursuant to the terms of the Settlement Agreement, Plaintiff's counsel provided Mr. Dutra

28   a letter indicating notice of default for the June 1, 2023 payment, via e-mail and first-class

mail. *Id.* at 2-3, ¶5.  The June 13, 2023 Notice stated "Mr. Dutra has failed to: (a) respond to counsel's June 6, 2023 letter, (b) return any of counsel's telephone calls or (c) respond to any of counsel's Emails." *Id.* at 4, ¶7.

iii.   <u>June 14, 2023 OSC and July 3, 2023 OSC Hearing</u>

On June 14, 2023, the Court issued a OSC.  (Doc. No. 35.)  The OSC noted that the failure to meet the June 12, 2023 deadline was not the first time Mr. Dutra failed to abide with one of the Court's orders.  *Id.*  In light of this and the contents of Plaintiff's June 13, 2023 Notice, an Order to Show Cause Hearing was set for July 3, 2023.  *Id.*  Plaintiff's counsel and Mr. Dutra were required to appear for the in-person hearing.  *Id.*  The OSC also provided an additional opportunity for Mr. Dutra to file a response and provide any documentation for the Court's consideration of whether:

1. Mr. Dutra failed to engage with Plaintiff's counsel to arrange a time and place, mutually convenient to both Parties, for Mr. Dutra to sign the Duplicate Vessel Title;

2. Mr. Dutra breached the terms of the Settlement Agreement by failing to pay $300.00 by June 1, 2023 as required by the Settlement Agreement;

3. Why the Court should not find Mr. Dutra in violation of the Court's May 22, 2023 and June 5, 2023 Order;

4. Why the Court should not find that Mr. Dutra willfully and maliciously converted the Defendant Vessel, in violation of the Court's Orders of May 22, 2023, June 5, 2023 and the terms of his Settlement Agreement causing Plaintiff injury;

5. Why the Court should not impose monetary sanctions upon Mr. Dutra, payable to the United States District Court or Plaintiff's counsel for time and efforts spent on Mr. Dutra's failures to abide with the Court's orders;

6. Why the Court should not make specific findings that Mr. Dutra's failure to abide by the Court's Orders of May 22, 2023, June 5, 2023 and the terms of his Settlement Agreement and his removal of the Defendant Vessel from Plaintiff's

23-CV-482-BTM(WVG)

marina: (a) was done with an intent to inflict injury upon Plaintiff or substantially certain that injury would occur, (b) was wrongful, (c) was done willfully and intentionally, (d) caused injury to Plaintiff, and (e) was done without any justification or excuse, and therefore, caused willful and malicious injury to Plaintiff; and

7. Why the Court should not enter Judgement in favor of Plaintiff and against Mr. Dutra in the monetary sum set forth in the Settlement Agreement, less any amounts paid to Plaintiff to the date of hearing.

On July 3, 2023, the Court convened the OSC Hearing. (Doc. No. 36.) Mr. Gorman appeared on behalf of Plaintiff. *Id.* Once again, Mr. Dutra failed to appear. *Id.* During the OSC Hearing, Mr. Gorman recounted the twenty-four attempts made to contact Mr. Dutra since the Court's June 5, 2023 Order. Mr. Gorman also represented that to date, although Mr. Dutra still has not responded to any of Mr. Gorman's communications or signed the Duplicate Vessel Title, Plaintiff's counsel did receive Mr. Dutra's $300.00 payment for the month of June 2023. Albeit late, it was received within the cure-period set out by the Parties' settlement agreement.

In light of Mr. Dutra's continued failures to engage with Plaintiff's counsel to sign the Duplicate Vessel Title, breach of a material term of the Parties' settlement agreement, and Mr. Dutra's improper removal of the Defendant Vessel from Plaintiff's marina, Plaintiff made two requests. First, Plaintiff requested the Court impose monetary sanctions upon Mr. Dutra, payable to the United States District Court for time and efforts spent on Mr. Dutra's failures to abide with the Court's orders. Second, Plaintiff requested the Court enter judgement in favor of Plaintiff and against Mr. Dutra for the total monetary sum set forth in the Settlement Agreement, less any amounts paid to Plaintiff up to the date of the OSC Hearing.

## II.    Mr. Dutra's Misconduct Cannot Be Dismissed

As demonstrated by the events after the April 25, 2023 ENE, Mr. Dutra has continuously demonstrated a flagrant disregard for the Court's orders and his own

1  obligations to abide by the terms of the Parties' settlement agreement. Mr. Dutra's
2  unwillingness to abide by the settlement agreement's requirement that he execute and
3  provide a valid title for the Defendant Vessel is particularly disconcerting because of Mr.
4  Dutra's involvement in the settlement negotiations at the ENE.  During the ENE, Mr. Dutra
5  represented to the Court that he was in possession of the title to the Defendant Vessel and
6  would provide it upon signing the settlement agreement.  Despite the Court's repeated
7  admonishments about the binding nature of any settlement agreement and Mr. Dutra's
8  subsequent obligations to fulfill *all* material terms which he was agreeing to, Mr. Dutra has
9  repeatedly forsaken the seriousness of his need to provide Plaintiff's counsel with the
10  Defendant Vessel's title and to properly execute a Duplicate Vessel Title in light of his
11  inability to find the Pink Slip.

12      The Court further finds that Mr. Dutra's conduct during the May 8, 2023 Telephonic
13  Status Conference and repeated failures to appear at court hearings demonstrates his
14  dereliction towards the Court's orders.

15      However, even despite Mr. Dutra's misconduct and repeated failures, the Court
16  provides him with one final opportunity to meet his obligations set out by the Parties'
17  Settlement Agreement – terms which he negotiated and agreed to on his own accord.
18  Accordingly, the Court **HEREBY ORDERS:**

19      1. Eric Dutra shall meet Plaintiff's counsel at Plaintiff's counsel's office, located at
20         955 Harbor Island Drive, Suite 130, San Diego, CA 92101, **no later than July**
21         **21, 2023**, to sign and execute the original Duplicate Vessel Title.

22      2. **No later than July 22, 2022**, Plaintiff's counsel shall notify the Court of whether
23         Eric Dutra has complied with this Order and signed the original Duplicate Vessel
24         Title.

25      3. The Court impose a daily sanction against Eric Dutra in the amount of $20.00 per
26         day, payable to the United States District Court, Southern District of California.
27         This daily sanction is imposed for Eric Dutra's obstructive behavior and
28         continued failure to abide with court orders. The daily sanction period begins on

July 3, 2023, due to Eric Dutra's failure to comply with the settlement agreement terms, repeated failures to comply with the Court's orders, and failure to appear at the OSC hearing, and runs until Eric Dutra complies with his settlement agreement obligations and signs the original Duplicate Vessel Title at Plaintiff's counsel's office but no later than July 21, 2023.

  a. If Eric Dutra complies with the Court's Order and signs the original Duplicate Vessel Title at Plaintiff's counsel's office on or before July 21, 2023, the Court will vacate the daily sanctions which have accrued. If Eric Dutra fails to comply with the Court's Order by July 21, 2023, then the Court will enter an order that Eric Dutra owes sanctions in the amount of $360.00 ($20.00/day x 18 days) payable to the United States District Court, Southern District of California, said payment due no later than August 4, 2023.

4. If Eric Dutra fails to comply with the July 21, 2023 deadline and fails to sign the original Duplicate Vessel Title, then **no later than August 18, 2023** Mr. Dutra shall pay the remaining balance of the monetary sum set forth in the Parties' Settlement Agreement ($5,000.00), less any amounts paid to Plaintiff up to August 18, 2023.

5. If after August 18, 2023, Eric Dutra has also failed to pay the balance of the monetary sum set forth in the Parties' Settlement Agreement ($5,000.00), less any amounts paid to Plaintiff up to August 18, 2023, then Plaintiff shall file a motion to enter judgement against Eric Dutra for the balance of the monetary sum set forth in the Parties' Settlement Agreement ($5,000.00), less any amounts paid to Plaintiff up to August 18, 2023.

6. Plaintiff shall serve a copy of this Order upon Eric Dutra, owner of the Defendant Vessel. The Clerk of the Court shall also serve, by certified mail, a copy of this

23-CV-482-BTM(WVG)

1          Order to Eric Dutra, addressed to P.O. Box 60061, San Diego, CA 92166. [1]

2          **IT IS SO ORDERED.**

3    DATED: July 7, 2023

4                               Hon. William V. Gallo

5                               United States Magistrate Judge

---

[1] The Court has also emailed Eric Dutra a copy of this Order, to his preferred e-mail address provided by Mr. Dutra.

23-CV-482-BTM(WVG)